IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN M. VANCE, in his capacity as Trustee of the Stephen M. Vance Revocable Trust dated October 9, 2017, derivatively on behalf of Broce Manufacturing Co., Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN B. VANCE, TERI V. HUBBELING, MICHAEL F. HUBBELING, JULIE B. VANCE AND WALDON EQUIPMENT, LLC,<br><br>Defendants,<br><br>and<br><br>BROCE MANUFACTURING CO. INC.,<br><br>Nominal Defendant. | Case No. 6:19-cv-1136-EFM-GEB |

## ORDER

Before the Court is Plaintiff Stephen M. Vance's Motion for Leave to File Reply to Individual Defendants' Response to Motion to Compel ("Motion for Leave") (**ECF. No. 131**). Upon review of the Motion and being fully advised in the premises, the Court finds the Motion should be and hereby is **DENIED**.

## I.     Background[1]

---

[1] Unless otherwise indicated, the information recited in this section is taken from the pleadings (Complaint, ECF No. 1; Unopposed Motion to Amend Complaint, ECF No. 35; Amended Complaint, ECF No. 38; Answers, ECF Nos. 14, 15; Answers to Amended Complaint, ECF Nos. 45, 51; Memorandum in Support, Plaintiff's Motion to Disqualify Counsel, ECF No. 60; and

Plaintiff Stephen M. Vance, a shareholder of Broce Manufacturing Co., Inc. ("Broce"), filed this Verified Shareholder Derivative Complaint on May 22, 2019.  Broce was established in 1963 by the Vance's grandfather. Since its inception, Broce has produced self-propelled pavement sweepers for use in the road construction and paving industries and in other industrial applications. Its products are marketed by a network of dealers around the United States and in several foreign countries as "the Broce Broom." Plaintiff included Broce as a nominal defendant for the purposes of the derivative claims asserted in the Complaint. He filed this lawsuit to enforce rights he alleges Broce has failed to enforce against the individual Defendants.

A majority of Plaintiff's allegations stem from Defendant Alan Vance's ("Alan"), an officer, director, and shareholder of Broce, 2012 purchase of Waldon, which Plaintiff describes as a struggling Oklahoma heavy equipment manufacturer. At the time of the filing of the initial Complaint, Defendant Waldon Equipment, LLC was wholly owned and controlled by Alan. At a December 3, 2019 Special Meeting of the Board of Directors of Broce Manufacturing, the directors voted to purchase Waldon's assets for millions of dollars.  On February 6, 2020, Plaintiff filed an Unopposed Motion for Leave to File First Amended Complaint to add allegations of self-dealing and breach of duty of loyalty related to Broce's purchase of Waldon's assets. The Court granted Plaintiff's Motion, and Plaintiff filed his First Amended Verified Shareholder Derivative Complaint on February 24, 2020. On March 23, 2020, Broce and the Defendant Directors filed an Answer, denying any

---

Response, Motion to Disqualify Counsel, ECF No. 69). This is background information should not be construed as judicial findings or factual determinations.

wrongdoing.

## II. Motion for Leave to File Reply to Individual Defendants' Response to Motion to Compel (ECF. No. 131)

After an extended period of conferral by the parties regarding document production and privilege issues, Plaintiff filed his Motion to Compel Production of Documents Subject to the Fiduciary Exception to Privilege ("Motion to Compel") (ECF No. 109). Before the individual Defendants, Alan Vance, Julie Vance, Teri Hubbeling, and Michael Hubbeling filed their response, the Court held a discovery conference on May 26, 2021. At that conference the Court discussed whether to have oral argument on Plaintiff's Motion to Compel. After discussion regarding the pending motion, oral argument, and whether any reply would be necessary if an oral argument was held, all parties welcomed the opportunity to argue the motion before the Court.

Following the discovery conference, the Court entered an order granting pending motions for extension of time; indicating oral argument on the Motion to Compel would be set after all responses were filed; and ordering that no reply would be necessary (ECF No. 118). Because the individual Defendants raised an issue in their response purportedly not raised in the meet and conferral process and therefore not anticipated in Plaintiff's opening brief, Plaintiff now seeks to file a reply. The Court notes that all parties' briefing is light on any argument regarding the need for a reply and instead all continue to make substantive argument regarding the issues raised in Plaintiff's Motion to Compel.

### A. Parties' Positions – Timeliness

The individual Defendants argue Plaintiff's Motion for Leave is untimely. The

3

individual Defendants sought leave to file their response under seal. They filed a Motion for Leave to File Under Seal with their attached response to the Motion to Compel[2] on the extended deadline for response of June 4, 2021. The individual Defendants allege, and Plaintiff does not dispute, that they served an unredacted copy of their response to the Motion to Compel with the Motion for Leave to File Under Seal on June 4th. The individual Defendants allege that pursuant to D. Kan. R. 6.1(d) a reply, if permitted, was due 14 days after service of the response, no later than June 18, 2021, thus Plaintiff's Motion for Leave, filed June 24, 2021 was untimely. Plaintiff contends the Motion for Leave is timely as it was filed 8 days after the individual Defendants filed their sealed response on June 16, 2021, following the Court's Order granting their Amended Motion for Leave to File Under Seal.

### B. Discussion – Timeliness

D. Kan. R. 5.4.6 addresses filing documents under seal. The rule requires a party to file a sealed motion for leave which attaches the document(s) for which leave to seal is sought.[3] The party seeking leave must simultaneously "provide the document(s) it requests to be filed under seal to all other parties in the case."[4] Parties are to file a motion for leave to file under seal in accordance with any deadlines for filing pleading at issue.[5] And replies to non-dispositive motions must be filed within 14 days of the service of the response.[6]

---

[2] ECF No. 120.
[3] D. Kan. R. 5.4.6(a)(1) & (2).
[4] D. Kan. R. 5.4.6(a)(4).
[5] See Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas at 19.
[6] D. Kan. R. 6.1(d)(1).

4

Here the individual Defendants filed their initial motion for leave to file under seal with the response to the Motion to Compel attached on the extended deadline for response of June 4, 2021. The individual Defendants simultaneously served the response of Plaintiff the same day. On June 11, 2021, the Court ordered the individual Defendants to file an amended motion for leave to file under seal identifying the portions of the response to be filed publicly they wished to redact no later than June 14, 2021.[7] The Order went on to say "[i]f Defendants file a renewed motion by the 6/14/2021 deadline their Response will be considered timely."[8] The Amended Motion for Leave to File Under Seal was timely filed on June 14, 2021.[9] After the Court granted the amended motion, the individual Defendants filed their response under seal on June 16, 2021.[10] Per the Court's June 11, 2021 Order, the Court finds the response was filed as of the June 4, 2021 deadline. Where a copy of the response was simultaneously served on Plaintiff with the initial motion for leave to file under seal on June 4th, a reply, if permitted would have been due no later than June 18, 2021. Thus, Plaintiff's June 24, 2021 Motion for Leave was untimely.

However, when the Court orders that no replies will be necessary, it does so with the expectation that any argument which could be raised in a reply will be adequately addressed at oral argument. The parties will be allowed to present the arguments raised in the Motion for Leave briefing[11] at oral argument on Plaintiff's Motion to Compel.

---

[7] ECF No. 123.
[8] *Id.*
[9] ECF No. 126.
[10] ECF No. 129.
[11] ECF Nos. 131-133.

**IT IS THEREFORE ORDERED** Plaintiff Stephen M. Vance's Motion for Leave to File Reply to Individual Defendants' Response to Motion to Compel **(ECF. No. 131)** is **DENIED**.

Dated this 25th day of October, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
