# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEPHEN M. VANCE, in his capacity as Trustee of the Stephen M. Vance Revocable Trust dated October 9, 2017, derivatively on behalf of Broce Manufacturing Co., Inc.,

*Plaintiff,*

vs.

ALAN B. VANCE, TERI V. HUBBELING, MICHAEL F. HUBBELING, JULIE B. VANCE AND WALDON EQUIPMENT, LLC,

*Defendants,*

and

BROCE MANUFACTURING CO. INC.,

*Nominal Defendant.*

Case No. 19-cv-1136-EFM-GEB

## MEMORANDUM AND ORDER

The matter before the Court is Plaintiff Stephen Vance's Motion for Review of the Magistrate's Non-Dispositive Order (Doc. 143). He seeks review and reversal of Magistrate Judge Birzer's Order denying in part his Motion to Compel. He argues that Magistrate Judge Birzer erred in concluding that the fiduciary exception to attorney-client privileged work was inapplicable in this case and in failing to issue a ruling regarding whether certain documents are privileged. As explained below, the Court denies Plaintiff's motion.

I.      **Factual and Procedural Background**

Plaintiff Stephen Vance and his two siblings, Individual Defendants Alan Vance and Teri Hubbeling, are the principal shareholders of Broce Manufacturing Co., Inc. ("Broce"). Stephen, Alan, and Teri each own approximately 30 percent of Broce stock.[1] Alan and Teri are directors; Stephen is not. Since its inception in 1963, Broce has produced self-propelled pavement sweepers for use in road construction and other industries.

In 2012, Defendant Alan Vance proposed to Broce's directors and shareholders that the company purchase a controlling interest in Waldon Equipment. Plaintiff describes Waldon Equipment as a struggling Oklahoma heavy equipment manufacturer. Broce declined the purchase, and Alan subsequently bought Waldron Equipment himself. Plaintiff alleges that after Alan purchased Waldron Equipment, he made a series of self-serving business decisions that benefitted Waldron and hurt Broce.

In August 2021, Plaintiff sent a letter to Broce's directors raising his concerns regarding Alan's business decisions. Plaintiff alleges that the directors dismissed these concerns, and as a result, he filed his Verified Shareholder Derivative Complaint against Individual Defendants Alan, Teri, Michael Hubbeling, Julie Vance, and Waldron Equipment ("Individual Defendants"). Additionally, Plaintiff included Broce as a nominal defendant for the purposes of the derivative claims asserted in the Complaint. He filed this lawsuit to enforce rights he alleges Broce has failed to enforce against the Individual Defendants.

In December 2019, after Plaintiff filed his initial Complaint, the Broce Board of Directors voted to purchase Waldon's assets for millions of dollars. Plaintiff had no notice of the Broce

---

[1] The precise percentage of stock ownership is at issue in this case.

Board's decision. After learning of the Waldron transaction, Plaintiff amended his Complaint to add allegations of self-dealing and breach of duty of loyalty related to Broce's purchase of Waldon's assets.

During discovery, Broce and the Individual Defendants each produced a privilege log with 2,400 entries. After Plaintiff reviewed the logs, the parties engaged in an extensive process of conferring with each other. The parties currently disagree as to whether approximately 540 of the documents listed on the privilege log are protected by the attorney-client privilege. The parties have categorized these documents into the following four categories: (1) materials concerning Broce and Waldon's relationship and Broce's acquisition of Waldon's assets and liabilities; (2) an outside contractor's valuation of Waldon and Broce related to the Waldon acquisition; (3) discussion of board and shareholder meetings and minutes; and (4) discussions regarding share allocations.

On May 7, 2021, Plaintiff filed a motion to compel production of the approximately 540 documents withheld by Broce. Plaintiff argued that Broce, as the owner of the privilege, did not meet its burden to show the documents were privileged and that even if privileged the fiduciary exception articulated in *Garner v. Wolfinbarger*[2] overrode Broce's privilege assertion.

The Individual Defendants and Broce filed separate response briefs. The Individual Defendants argued that the Magistrate Judge should not consider *Garner* because the Kansas appellate courts have not adopted it. They further argued that even if the Magistrate Judge was to consider *Garner*, it was inapplicable here because Plaintiff did not have a "mutuality of interest" with Broce at the time the documents were created. Broce's response differed from the Individual

---

[2] 430 F.2d 1093 (5th Cir. 1970).

Defendants in that it did not raise the threshold argument that the Kansas appellate courts have not adopted *Garner*. But, like the Individual Defendants, Broce argued that *Garner* was inapplicable because there was no mutuality of interest between Plaintiff and Broce at the time the documents were created.

The Magistrate Judge held a hearing on Plaintiff's motion and reviewed some of the disputed documents *in camera*. In her Order,[3] she first noted that, contrary to Plaintiff's argument, the Individual Defendants did not waive their argument that *Garner* is inapplicable because the Kansas courts have not adopted it. She then addressed *Garner's* applicability. First, the Magistrate Judge noted that neither the Tenth Circuit nor the Kansas Supreme Court has addressed *Garner*. Next, she noted that judges in this District have considered *Garner* and ruled in those cases that the moving party failed to meet its burden under the *Garner* exception. The Magistrate Judge then found that Plaintiff and Broce did not have a mutuality of interest and concluded that Plaintiff did not meet his burden to show that the fiduciary exception applied in this case. Plaintiff now seeks review of the Magistrate Judge's decision.

## II.    Legal Standard

When reviewing a magistrate judge's order relating to non-dispositive matters, the district court does not conduct a *de novo* review but instead applies a more deferential standard.[4] Only if the district court finds that the magistrate judge's decision is "clearly erroneous or is contrary to law" will the district court set it aside.[5] "A finding is 'clearly erroneous' when although there is

---

[3] *Vance v. Vance*, 2021 WL 5564611 (D. Kan. 2021).

[4] *Gilmore v. L.D. Drilling, Inc.*, 2017 WL 5904034, at *1 (D. Kan. 2017).

[5] Fed. R. Civ. P. 72(a).

evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[6] And a finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[7]

### III. Analysis

Plaintiff asserts that the Magistrate Judge's Order made three errors of law. First, he argues that the Magistrate Judge erred in finding the fiduciary exception inapplicable based on a lack of mutuality of interest between Plaintiff and Broce. Second, he argues that the Magistrate Judge's Order disregards Broce's admission in its response brief that some of the documents were subject to the fiduciary exception. And, third, he argues that the Magistrate Judge's Order fails to address whether the documents Broce is withholding on account of the privilege were actually privileged.

**A.    The Fiduciary Exception to Attorney-Client Privilege**

The fiduciary exception to the attorney-client privilege arose in the Fifth Circuit's *Garner v. Wolfinbarger*[8] opinion. *Garner* was a federal question case with pendant state law claims.[9] The *Garner* court noted that federal questions cases are "predicated on federal law, embodying federal principles," and that "[e]nforcement of those policies demands that the federal courts apply their own rules of privilege."[10] The Fifth Circuit concluded that

> The attorney-client privilege still has viability for the corporate client. The corporation is not barred from asserting it merely because those demanding information enjoy the status of stockholders. But where the corporation is in suit

---

[6] *Boone v. TFI Family Servs., Inc.*, 2015 WL 5568348, at *2 (D. Kan. 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7] *Walker v. Bd. of Cnty. Comm'rs*, 2011 WL 2790203, at *2 (D. Kan. 2011) (citation omitted).

[8] 430 F.2d 1093.

[9] *Id*. at 1095, 1098.

[10] *Id*. at 1098.

>against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and of the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance.[11]

In other words, "attorney-client communications may not be privileged if the communication involve legal advice rendered to fiduciaries in the execution of their fiduciary duties."[12]

The fiduciary exception is now "well recognized in the jurisprudence of both federal and state courts, and has been applied in a wide variety of contexts, including litigation involving common law trusts, disputes between corporations and shareholders, and ERISA enforcement actions."[13] But "neither the Tenth Circuit nor the Kansas Supreme Court has addressed the fiduciary exception and the manner in which courts should apply it."[14] Other courts interpreting the exception, including this Court, have found it inapplicable "to communications made at a time the parties' interests were not aligned or when the subject of the communications did not involve matters that a fiduciary would owe a duty to disclose to a beneficiary."[15]

The Magistrate Judge found that Plaintiff failed to meet his burden to show that the fiduciary exception applied to the attorney-client privileged documents identified by Defendants. The magistrate based her decision, in part, on her finding that the parties lacked a mutuality of interest beginning in November 2018 when Plaintiff sent a demand letter regarding the alleged

---

[11] *Id*. at 1103-04.

[12] *Luper v. Bd. of Tr. of Police & Fire Ret. Sys. of Wichita, Kan*., 2018 WL 1899159, at *2 (D. Kan. 2018) (quoting *Herrmann v. Rain Link, Inc*., 2012 WL 1207232, at *6 (D. Kan. 2012)).

[13] *Herrmann*, 2012 WL 1207232, at *6 (quoting *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 190 (2011) (Sotomayor, J. dissenting)).

[14] *Luper*, 2018 WL 1899159, at *2 (citation omitted).

[15] *Id*.

conflict between Waldon, Individual Defendant Alan Vance, and Broce. Plaintiff argues that this finding is contrary to law. According to Plaintiff, the Magistrate Judge found that the parties did not share a mutuality of interest because they were adverse to, or "mad" at, each other. Plaintiff argues that the relevant question is not whether the parties are adverse to each other, but whether the communications relate to fiduciary matters regardless of the parties' relationship.

The Court disagrees. Plaintiff argues that the two "cases most on point" to the Court's review are *Luper v. Board of Trustees of the Police and First Retirement System of Wichita, Kansas,*[16] and *Herrmann v. Rain Link, Inc.*[17] Neither of these cases, however, stands for the proposition that adversity between the parties is irrelevant to the exception's application.[18] In fact, *Herrmann* expressly noted the adverse nature of the parties in finding that the fiduciary exception inapplicable. The *Herrmann* court explained:

> Here, it appears a number of documents were created after the parties' interests became **adverse**. Of course, the parties do not focus on when exactly their interests became **adverse** or how that point in time relates to the date of creation of the documents. What the court does know is this: A significant portion of the documents appearing on the privilege log were created after plaintiff's counsel sent a demand letter to defendants. Other documents concern the KHRC's investigation regarding plaintiff's administrative charge of discrimination—a point when the parties' interests were certainly **adverse**. As explained above, the *Garner* exception generally does not apply when fiduciaries seek legal advice to insulate themselves from beneficiaries.
>
> . . .
>
> Perhaps most importantly, it appears a significant number of documents at issue were likely created at a time when the parties' interests were **adverse**, or they

---

[16] 2018 WL 1899159.

[17] 2012 WL 1207232.

[18] *See Luper*, 2018 WL 1899159, at *2 (upholding the magistrate's finding that the plaintiff did not establish a mutuality of interest between himself and the defendant).

involve communications that [defendants] may not owe a duty to disclose to plaintiff.[19]

Here, Judge Birzer reviewed *Luper* and *Herrmann* and discussed *Herrmann* in her Order. She then found that the relationship between Waldon and Broce "had been the object of Plaintff's ire since August 2018, which the board tried to repair in September and October 2018."[20] She also found that Plaintiff sent a demand letter including those issues on November 6, 2018, and later filed suit on the same claims. Judge Birzer thus concluded that "[w]here Broce and the Individual Defendants received the demand letter and hired counsel to represent them against Plaintiff's claims, the Court finds no mutuality of interest between . . . Broce and the Individual Defendants and . . . Plaintiff as of the November 6, 2018 demand letter."[21] The Court does not find this analysis to be contrary to law or clearly erroneous. Magistrate Judge Birzer's reasoning follows Judge Sebelius's reasoning in *Herrmann*.

Moreover, as in *Herrmann*, Magistrate Judge Birzer's analysis is not based solely on a lack of mutuality of interest, but also on her finding that the Kansas Supreme Court has not ruled as to *Garner's* applicability. Because jurisdiction in this case is based on diversity, state law governs attorney-client privilege.[22] Before addressing the mutuality of interest between the parties, Magistrate Judge Birzer correctly noted that "neither the Tenth Circuit nor the Kansas Supreme

---

[19] *Herrmann*, 2012 WL 1207232, at *7 (emphasis added).

[20] *Vance*, 2021 WL 5564611, at *5.

[21] *Id*.

[22] Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *see also Kannaday v. Ball*, 292 F.R.D. 640, 646 (D. Kan. 2013) ("[S]tate law governs the applicability and scope of attorney-client privilege in diversity actions.").

Court has addressed the fiduciary exception and the manner in which courts should apply it."[23] Based on this statement alone, the Court cannot see how Plaintiff can meet his burden to show that the Magistrate Judge's Order was contrary to law because there is no legal authority to refute the Magistrate Judge's reasoning for denying Plaintiff's motions.[24]  Accordingly, the Court declines to reverse the Magistrate Judge's Order on the basis that she found the parties lacked a mutuality of interest and ultimately declined to apply the fiduciary exception.

**B.       Broce's statement in its response brief is not a binding judicial admission.**

Plaintiff next argues that Broce admitted that *Garner* applies in this case and that the Magistrate Judge erred by not accepting this admission as binding.  Plaintiff bases his argument on the following statement from Broce's response to Plaintiff's motion to compel:  "While Broce admits that some documents are subject to *Garner*, the remaining disputed documents are those on which Broce and its counsel stand on their objections that relate, in part, to this ongoing litigation or the transaction's impact on said litigation."  According to Plaintiff, this statement is a binding judicial admission.  He argues that as a result of this admission, the Magistrate Judge should not have considered the threshold applicability of *Garner* under Kansas law and should have moved directly to the analysis of whether there was a mutuality of interest between the parties and whether Plaintiff had shown good cause that *Garner* applies.  Plaintiff also argues that this statement inherently concedes that at least some of Broce's communications contained the

---

[23] *Id*. at *3 (quoting *Herrmann*, 2012 WL 1207232, at *6).

[24] *See Klaassen v. Univ. of Kan. Sch. of Med.*, 2016 WL 6138169, at *7 (D. Kan. 2016) ("Since it is a matter of first impression, the court fails to understand how Judge Sebelius' ruling was clearly erroneous or contrary to law. No legal authority exists to refute Judge Sebelius' sound reasoning for denying plaintiff's motion.").

requisite "mutuality of interest" with Plaintiff, and the Magistrate Judge's ruling is thus in error because she found no "mutuality of interest" for any of the disputed communications.

The Court is not persuaded by Plaintiff's argument. Statements in party's brief may be considered a judicial admission, but that determination is in the court's discretion.[25] Furthermore, propositions of law are not subject to judicial admission.[26] Here, the matter Plaintiff claims Broce admitted to—whether *Garner* is binding under Kansas law—is a proposition of law. Therefore, the Magistrate Judge's decision not to consider Broce's statement was not clear error. Furthermore, Plaintiff's argument mischaracterizes Broce's statement. There were 2,400 entries listed on Broce's privilege log. Broce was identifying those documents it agreed to produce. It was not conceding or waiving any argument about *Garner's* applicability or the mutuality of interest between the parties as to the disputed 540 documents at issue. Accordingly, the Court concludes that Broce's statement in its response brief does not provide a basis to reverse Magistrate Judge Birzer's Order.

**C.     Magistrate Judge Birzer addressed whether the documents are privileged.**

Finally, Plaintiff argues that the Magistrate Judge's Order did not address whether Broce met its burden to show the documents included on the privilege log were attorney-client privileged. According to Plaintiff, the privilege log entries were not descriptive enough to support an assertion of privilege. Plaintiff claims that it was clear error for the Magistrate Judge not to rule on this issue and asks the Court to remand, instructing the Magistrate Judge that Broce did not meet its burden to show that the documents were privileged.

---

[25] *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10F.3d 700, 716 (10th Cir. 1993) *abrogated on other grounds by Estate of Cummings v. Cmty. Health Sys., Inc.*, 881 F.3d 793 (10th Cir. 1993) (citation omitted).

[26] *Id*.

The Court disagrees with Plaintiff that the magistrate's Order does not address whether the documents are privileged. Broce's privilege log consisted of 108 pages and 2,400 entries. At the time Plaintiff filed his motion to compel, approximately 540 of these entries were in dispute. Because of this, the parties agreed to place the logged documents into four categories for discussion with the Court. The Magistrate Judge addressed each of these four categories in her Order, ruled whether the documents contained within each category were privileged, and ordered Defendants to produce non-privileged documents. This is sufficient. Neither Plaintiff's motion to compel nor his argument before the Magistrate Judge sought a ruling on the 540 individual descriptions in dispute. Plaintiff has not even identified in his current motion which descriptions he contends are insufficient.

For all these reasons, the Court concludes that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. Magistrate Judge Birzer did not err in ruling that the fiduciary exception is not applicable to this case and she sufficiently addressed whether the disputed documents were attorney-client privileged. Accordingly, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of the Magistrate's Non-Dispositive Order (Doc. 143) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of March, 2022.

ERIC F. MELGREN
CHIEF U.S. DISTRICT JUDGE